IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARISSA SCHUSTER, ) | CIVIL NO. 20-00482 JAO-RT |
| ) | |
| Plaintiff, ) | ORDER TO SHOW CAUSE WHY THIS |
| ) | ACTION SHOULD NOT BE |
| vs. ) | REMANDED |
| ) | |
| HH PACIFIC BEACH LP, DBA ) | |
| ALOHILANI RESORT WAIKIKI ) | |
| BEACH, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED

On November 9, 2020, Defendant HH Pacific Beach LP, dba Alohilani Resort Waikiki Beach ("Defendant") removed this action from the Circuit Court of the First Circuit, State of Hawaiʻi on the basis of diversity jurisdiction. ECF No. 1 at 2–3. Under 28 U.S.C. § 1441, a defendant may remove a civil action brought in a state court to federal district court if the district court has original jurisdiction. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679–80 (9th Cir. 2006). "Removal . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027,

1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Serv. LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)); *see Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." (quoting *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam))); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

The Notice of Removal ("Notice") asserts that, upon information and belief based on the allegations and requested relief in Plaintiff Carissa Schuster's ("Plaintiff") Complaint, ECF No. 1-2, the amount in controversy is in excess of $75,000, ECF No. 1 ¶¶ 4, 7; and Plaintiff is a citizen of the State of Hawaiʻi, *id.* ¶ 5. Defendant also asserts in its Notice that Defendant is a "limited partnership formed under the laws of the State of Delaware, having its principal place of business in Irving, Texas." *Id.* ¶ 6. From this Defendant concludes it is not a citizen of the State of Hawaiʻi and therefore there is complete diversity of citizenship between the parties. *Id.*

The Notice is deficient because it fails to affirmatively identify Defendant's citizenship(s). Unlike a corporation, which is a citizen of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated," *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)), an "unincorporated association such as a partnership" or limited liability company, shares the citizenships of all of their owners/members. *See id.* at 899, 902; *see also RD Legal Funding, LLC v. Erwin & Balingit, LLP*, Civil No. 08cv597-L(RBB), 2008 WL 927570, at *1 (S.D. Cal. Apr. 4, 2008 ("[T]he citizenship of a limited liability company or a limited liability partnership is determined by examining the citizenship of each of its members or partners." (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)). And

3

"[a]bsent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to *allege affirmatively* the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (emphasis added) (citations omitted).  Here, Defendant fails to identify any of its owners/members or their respective citizenships.[1]  Absent this information, the Court is unable to ascertain whether diversity jurisdiction exists.

Accordingly, Defendant is ORDERED TO SHOW CAUSE why this action should not be remanded for lack of subject matter jurisdiction.  Defendant must file a response to this Order to Show Cause by **November 25, 2020**, providing complete information concerning its citizenship.  Failure to timely respond to this Order to Show Cause will result in a finding that Defendant has failed to carry its burden of establishing removal jurisdiction and the Court will remand the action to the Circuit Court of the First Circuit Court, State of Hawaiʻi.

//

//

//

//

---

[1] If any of Defendant's members are themselves unincorporated associations, such as limited liability companies or limited partnerships, Defendant must identify those entities' members and provide their citizenships.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, November 10, 2020.



Jill A. Otake
United States District Judge

CV 20-00482 JAO-RT; *Schuster v. HH Pacific Beach LP, dba Alohilani Resort Waikiki Beach*; ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED